UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**GERGORY WALTER STOLL,**

      **Plaintiff,**

v.                                    **CASE NO. 2:14-cv-3200**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court is Plaintiff's Statement of Errors (ECF No. 10), Brief in Support of Defendant's Decision (ECF No. 13) and Plaintiff's Reply to Defendant's Brief in Support of Defendant's Decision (ECF No. 14).

Background

Gregory Walter Stoll, Claimant, protectively applied for disability insurance benefits (DIB) under Title II and Part A of Title XVII of the Social Security Act on May 25, 2011, alleging disability on September 6, 2006 (Tr. at 178). The claim was denied initially on July 25, 2011 (Tr. at 82-92) and upon reconsideration on September 23, 2011 (Tr. at 94-96). Claimant filed a written request for hearing on October 20, 2011 (Tr. at 97-98). In his request for a hearing before an Administrative Law Judge (ALJ), Claimant stated that he disagreed with the determination made on his claim for disability because the decision was contrary to the evidence and regulations (Tr. at 97-98). Claimant appeared in person and testified at a hearing held in Charleston, West Virginia on October 31, 2012 (Tr. at 30-77). In the Decision dated November 13, 2012, the ALJ determined that Claimant was not disabled under the Social Security Act (Tr.

at 8-29). On December 4, 2012, Claimant requested a review by the Appeals Council stating that the decision was contrary to the medical evidence and regulations (Tr. at 7). On November 27, 2013, the Appeals Council received additional evidence from Claimant which was made part of the record (Tr. at 5). That evidence consisted of Representative's brief dated December 4, 2012, admitted as Exhibit 17E. On November 27, 2013, the Appeals Council "found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1). The Appeals Council stated that it considered Claimant's reasons for disagreeing with the decision and the additional evidence that was made part of the record. The Appeals Council found that this information did not provide a basis for changing the ALJ's decision (Tr. at 2).

On January 20, 2014, Claimant brought the present action requesting this Court to review the decision of the defendant and that upon review, it reverse, remand or modify that decision.

This is an action seeking review of the final decision of the Commissioner of Social Security denying the plaintiff's application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Both parties have submitted briefs in support of their positions.

Claimant filed an application for DIB on May 25, 2011, alleging disability as of September 6, 2006. Claimant asserted the following impairments: sleep apnea, intervertebral disc syndrome and arthritis, posttraumatic stress disorder, childhood trauma, social phobia, mood disorder and alcohol dependence in remission. The claim was denied initially on July 25, 2011, and upon reconsideration on September 23, 2011. Thereafter, Claimant filed a written request for hearing on October 20, 2011. The hearing was held on October 31, 2012, in Charleston West

Virginia.  On November 13, 2012, the Administrative Law Judge (ALJ) held that Claimant had not been under a disability from September 6, 2006, his alleged onset date, through the date of the decision.  The ALJ's decision became the final decision of the Commissioner on November 27, 2013, when the Appeals Council (AC) denied Claimant's request for review.  Claimant timely brought this action seeking judicial review of the administrative decision pursuant to 42 U.S.C § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2014).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866,

868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of September 6, 2006, through his date last insured of December 31, 2011 (Tr. at 13). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of sleep apnea, intervertebral disc syndrome and arthritis, posttraumatic stress disorder, childhood trauma, social phobia, mood disorder (also diagnosed as bipolar disorder and depression) and alcohol dependence in remission. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 17). The ALJ then found that Claimant has a residual functional capacity to perform work at the medium exertional level, reduced by exertional and nonexertional limitations[1] (Tr. at 19). As a result, the ALJ determined that Claimant cannot return to his past relevant work (Tr. at 24). Nevertheless, the ALJ concluded that Claimant could perform jobs such as material handler, warehouse worker, cleaner, hand packer and assembler, all of which jobs exist in significant numbers in the national and regional economy. (*Id.*) On this basis, benefits were denied (Tr. at 25).

---

[1] Claimant can frequently engage in climbing, stooping, kneeling, crouching, crawling and balancing. In addition, Claimant should have no contact with the public. Further, Claimant should not work in a job involving tandem tasks (Tr. at 19).

4

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant testified that he lived on what he described as a hobby farm (Tr. at 37). He is married and has a daughter living at home (Tr. at 36). His house is on 42 acres of land that he owns (Tr. at 38). He testified to owning a few pigs, chickens and cows. Claimant testified to receiving a "military retirement check" for his "Navy pension" (Tr. at 37). Claimant retired from the United States Navy on October 1, 2006, after twenty years of service. During Claimant's last four years in the Navy, he "worked in planning and estimating ship repair and ship building (Tr. at 39). He was stationed in San Diego, California.

Claimant testified to going to counseling at the Veterans Affairs (VA) every month  He reported that he takes the medication Prozac for PTSD, post-traumatic stress disorder (Tr. at 42). Claimant testified that his medications are "effective" (Tr. at 44).  Claimant asserts that his medications cause him to have side effects including being tired (Tr. at 45).  Claimant sleeps about nine hours per night.  In the mornings, he takes the dogs outside and does a headcount of the animals (Tr. at 48).

## The Medical Record

The court has reviewed all evidence of record, and will address those portions which are relevant to the issues raised by Claimant.

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ erred in failing to give significant weight to the VA's decision dated April 19, 2010 (ECF No. 10).  Claimant's reply brief asserts that "in the ALJ's decision, it is clear that the [VA's] rating decision was not fully assessed or truly weighed at all" (ECF No. 14).

Defendant avers that the ALJ's decision shows that she considered Claimant's impairment history of sleep apnea and that she considered that Claimant had been awarded a 50% disability through the VA (ECF No. 13).  Defendant asserts that the ALJ considered all record evidence related to Claimant's neck, back and sleep impairments, and considered the Veterans' Affairs' decision regarding these impairments.  Defendant further asserts that the ALJ was not required to give significant weight to the VA's decision.

## Consideration of VA Decision

The VA's decision reflects Claimant's compensation at 50% for sleep apnea, 10% for cervical spine osteoarthritis and 10% for degenerative disc disease of the lumbar spine with

6

referred groin pain[2] (Tr. at 276). The Social Security regulations provide that "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 404.1512(b)(5) (2014). The decision of another agency is not binding on the Social Security Administration, 20 C.F.R. § 404.1504, but Social Security is required to evaluate all the evidence, including decisions by other agencies. Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

Both parties cite a Fourth Circuit case in which the court held that "the disability determination of a state administrative agency is entitled to consideration in a SSA [Social Security Administration] disability proceeding…. [A]lthough the SSA will accept another agency's disability determination as evidence of a claimant's condition that agency's decision is not binding on the SSA." *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). Claimant asserts that pursuant to *Bird*, the ALJ should have given substantial weight to the VA ratings decision and when combined with the non-service connected impairments, she should have found Claimant disabled (ECF No. 10). Defendant asserts that pursuant to *Bird*, the ALJ was not required to give significant weight to the VA's rating decision. Defendant states that "[A]n ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate" (ECF No. 13).

In the present matter, Defendant is correct in stating that an ALJ may give less weight to a VA disability rating and does not have to give the VA's opinion significant weight. See *Cline*

---

[2] Claimant's assertion is based on the most recent Veterans Affairs rating decision from April 19, 2010 (Tr. at 274-278).

*v. Michael J. Astrue*, Case No. 6:12-cv-00690 (Parkersburg, WV 2013)(unpublished). However, the examination conducted by the VA should have been considered by the ALJ. The general rule is that while VA disability decisions are not binding on the SSA, they "cannot be ignored and must be considered" when determining a claimant's eligibility for social security disability benefits. *Halstead v. Colvin, 2015 U.S. Dist. LEXIS 15281 (S.D. W.Va., January 8, 2015)* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 n. 1 (4th Cir. 1983) and SSR 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939, at *6 (Aug. 9, 2006)).[3]

In *Cline*, the court held that a brief, conclusory assertion by the Commissioner that the ALJ considered the determination of the VA is not a situation where the ALJ truly considered the decision and the analysis of the evidence contained therein. The court held that "The ALJ's decision lacks an explanation of his consideration given to the VA's decision." See *Cline*. The ALJ's decision denying benefits was not supported by substantial evidence due to the failure to consider the VA's decision as required by the regulations and Social Security Ruling 6-03p.

Additionally, in *Wyche v. Colvin*, 2014 U.S. Dist. LEXIS 62589 (E.D. Va., March 25, 2014), the court found that the opinion in *Bird* created a new standard. The Fourth Circuit found that a presumption of substantial weight given to the VA's determination under the new *Bird* standard now requires the ALJ to "explain" why he departed from "substantial weight." *Wyche*

---

[3] SSR 06-03p, 2006 SSR LEXIS 5 provides inter alia:

> Under sections 221 and 1633 of the Social Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, 1996 SSR LEXIS 2 "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

8

citing *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010)(ALJ departing from substantial weight must give "specific, valid reasons for doing so that are supported by the record.").

In the present case, Claimant requests that his VA claim file be reopened to included a statement in support of his claim for PTSD; treatment records from the VA Medical Center in Pittsburgh, PA, dated January 27, 2010, to February 22, 2010; treatment records from the Clarksburg VA Medical Center dated June 3, 2009, to March 5, 2010; and the VA examination dated March 29, 2010, conducted at the Clarksburg VA Medical Center (Tr. at 274-275). The ALJ's 15 page decision mentions the VA's decision once when discussing sleep apnea. The ALJ held that "While I recognize treatment records indicate the claimant has been awarded a 50 percent disability due to sleep apnea through the Veteran's Administration, their criteria for the evaluation of disability benefits is different from the regulations established by the Social Security Administration… the ultimate issue of disability is a finding reserved to the Commissioner (20 CFR 404.1527(e)). Moreover, there is no evidence of record, which would indicate the claimant's sleep apnea has resulted in any significant functional limitations" (Tr. at 21).

The ALJ's discussion does not mention Claimant's VA decision anywhere else in the decision. The 10% compensation for cervical spine osteoarthritis (claimed as osteophytes of the neck), and the 10% compensation for degenerative disc disease of the lumbar spine with referred groin pain, are not discussed. Therefore, the ALJ's decision lacks an explanation of the consideration given to the VA's entire decision. Substantial weight is not required, but consideration of the VA's decision is required.

The undersigned proposes that the presiding District Judge FIND that the ALJ's decision denying benefits is not supported by substantial evidence due to the failure to consider the VA's

decision as required by the regulations and SSR 06-3p. Additionally, the ALJ failed to explain the consideration given to the VA's decision.

It is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the final decision of the Commissioner, **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISS** this matter from the docket. Because the recommendation to remand this case rests on a finding of legal error, the undersigned offers no opinion regarding the weight of the evidence to be considered on remand. Additionally, the other issues asserted by the parties shall be addressed on remand.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

Date: February 27, 2015

_____
Dwane L. Tinsley
United States Magistrate Judge

Case 2:14-cv-03200 Document 15 Filed 02/27/15 Page 11 of 11 PageID #: 1009